J-S14029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHELTON S. MCNEIL | : | |
| | : | |
| Appellant | : | No. 1422 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 6, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000832-2019


BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: JUNE 21, 2021**

Appellant Shelton S. McNeil appeals from the Judgment of Sentence of four to eight years' incarceration imposed after a jury convicted him of Strangulation, graded as a second-degree felony.[1]  He challenges the sufficiency and weight of the evidence.  After careful review, we affirm.

We glean the following factual and procedural history from the trial court's Opinion, which is supported by the certified record.  *See* Tr. Ct. Op, filed Jan. 20, 2021.  On December 25, 2018, a man called police at 4:45 AM from 2015 Market Street in Harrisburg to report a domestic disturbance in a neighboring apartment.  When Corporal Matthew Novchich arrived at the building, Audrey Blackstone approached him on the street holding a napkin to her neck over a puncture wound.  She was very upset, and had blood on her

---

[1] 18 Pa.C.S. § 2718(a)(1), (d)(2).

shirt, swelling and scratches on her face, and redness around her neck. She told Corporal Novchich that Appellant, whom she had recently dated, had stabbed and strangled her after she voluntarily let him into her house. She indicated that he may still be in the apartment. Appellant had fled but Corporal Novchich noticed that the apartment was "torn up and belongings had been thrown around." Tr. Ct. Op. at 3 (citing N.T.). EMS transported Ms. Blackstone to the hospital.

Corporal Novchich interviewed Ms. Blackstone at the hospital, where he noticed that in addition to the blood stains on her shirt, dried blood on her face and mouth, and a puncture wound below her left ear, she had redness on her neck and visibly red eyes with broken capillaries. Her medical records indicated, among other injuries, that she had strangulation marks on her neck. Ms. Blackstone signed a domestic violence statement and a strangulation questionnaire that night, in which she stated, among other things, that Appellant had used two hands to choke her for approximately two minutes so that she could not breath, almost lost consciousness, and felt like her eyes were bulging out of her head. She obtained a Protection from Abuse Order ("PFA") against Appellant after the incident.

The Commonwealth charged Appellant with Strangulation and Aggravated Assault. On August 17, 2020, a one-day jury trial proceeded at which Ms. Blackstone, Corporal Novchich, and Appellant testified. The court admitted photographs of Ms. Blackstone's injuries, medical records, domestic violence statement, strangulation questionnaire, and PFA application. The

court informed the jury of Ms. Blackstone's prior *crimen falsi* conviction for fraudulently obtaining drugs. Appellant testified that he never assaulted Ms. Blackstone.

The jury found Appellant guilty of Strangulation but could not reach a verdict on the Aggravated Assault charge. The court ordered a pre-sentence investigation.

On October 6, 2020, the court sentenced Appellant to four to eight years' incarceration. Appellant filed a Post-Sentence Motion, which the court denied.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The court filed a responsive Rule 1925(a) Opinion.

Appellant presents the following Statement of Questions Presented:

1. Whether the evidence at trial was insufficient to prove Appellant strangled Audrey Blackstone where the Commonwealth failed to prove beyond a reasonable doubt Appellant knowingly or intentionally impeded Audrey Blackstone's breathing by applying pressure to the throat or neck and that Appellant was a family or household member.

2. Whether the trial court erred when it denied Appellant's Post-Sentence Motion because the verdict was so contrary to the weight of the evidence as to shock one's sense of justice[.]

Appellant's Br. at 5.

Appellant first challenges the sufficiency of the evidence supporting his Strangulation conviction. *Id.* at 12-14. He specifically contends that the Commonwealth failed to prove that Appellant was a household member to

support the grading of the offense as a second-degree felony. *Id*. This challenge has no merit.

When reviewing a challenge to the sufficiency of the evidence, our standard is well-settled. We review the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences drawn from the evidence. *Commonwealth v. Alford*, 880 A.2d 666, 669-670 (Pa. Super. 2005).

> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tejada*, 107 A.3d 788, 792-793 (Pa. Super. 2015) (citation omitted).

Pursuant to 18 Pa.C.S. § 2718(a), "[a] person commits the offense of Strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by: (1) applying pressure to the throat or neck; or (2) blocking the nose and mouth of the person." The "[i]nfliction of a physical injury to a victim shall not be an element of the

offense[,]" and "[t]he lack of physical injury to a victim shall not be a defense[.]" 18 Pa.C.S. § 2718(b).

It is well-established that a victim's testimony alone can be sufficient to sustain a conviction. **Commonwealth v. Johnson**, 180 A.3d 474, 479 (Pa. Super. 2018) . "[A] solitary witness's testimony may establish every element of a crime, assuming that it speaks to each element, directly and/or by rational inference." **Id**. (italics omitted).

Pursuant to 18 Pa.C.S. § 2718(d)(2)(i), Strangulation is graded as a second-degree felony when it is committed "against a family or household member, as defined in 23 Pa.C.S. § 6102." Section 6102 defines "Family or household members" as, *inter alia*, "current or former sexual or intimate partners[.]" 23 Pa.C.S. § 6102. There is no specific length of time or number of sexual encounters specified in the definition and case law does not interpret the statute as imposing such. **See**, **e.g.**, **Evans v. Braun**, 12 A.3d 395, 399 (Pa. Super. 2010) (where victim and abuser "mutually chose" to enter a "dating relationship" which involved "romantic bond," evidence was sufficient to prove they were current or former sexual or intimate partners under Section 6102(a)); **D.H. v. B.O.**, 734 A.2d 409, 410 (Pa. Super. 1999) (stating that parties who were in a month-long sexual relationship fell within Section 6102(a)'s definition of a family or household member).

The bulk of Appellant's sufficiency argument is that the evidence does not support the grading of the offense as a second-degree felony. Appellant

avers that "[o]ne sexual encounter is not sufficient to prove Ms. Blackstone and [Appellant] were intimate or sexual partners or a couple as required by 23 Pa.C.S. § 6102." Appellant's Br. at 13. He contends, with reference to the Merriam-Webster dictionary but not one citation to relevant case law, that "an on-and-off again relationship, or a terminated relationship is not sufficient to establish Ms. Blackstone and [Appellant] were intimate or sexual partners[.]" *Id*. at 13-14. Appellant's argument has no basis in fact or law.

The trial court addressed Appellant's grading contention as follows:

> The Commonwealth presented evidence through Ms. Blackstone that proved Appellant and Ms. Blackstone had been dating for approximately two months at the time of the incident and that they had an intimate relationship. (N.T., 20-21). This assertion remained consistent through Ms. Blackstone's statement to police, both oral and written, and her trial testimony. (N.T., 20-21, 47-48). On cross examination, Ms. Blackstone reiterated the nature of her relationship with Appellant by reading her answer to this question from her statement to Corporal Novchich. (N.T., 45, 47-48). Ms. Blackstone's statement stated that she and Appellant had a sexual relationship. (N.T., 47-48). The definition of a family or household member includes those in a sexual or intimate relationship. *See* 23 Pa.C.S. § 6102.

Tr. Ct. Op. at 8.

In addition to the evidence noted by the trial court, our review of Appellant's testimony reveals that he also acknowledged that he had had an intimate relationship with Ms. Blackstone. *See* N.T. Trial at 106-111 (stating (1) they knew each other during childhood, reconnected 20 years later in a bar on November 7, 2018, started "just talking, like friends[, a]nd then after like a week we just started getting a little closer;" (2) the relationship lasted

"no more than a month[;]" (3) he "was trying to be away from her until she "called [him] one time and said that she was pregnant[;]" and (4) he went to her house at "almost four" on Christmas morning because she had "called at three something in the morning saying that she was being following by somebody" and he "[didn't] want to regret not protecting not only her but the child also."). Appellant's own testimony belies his claim that he was not an "intimate or sexual partner" as defined in the statute and the relevant case law noted above.

Aside from challenging the grading of the offense, Appellant does not address the elements of the Strangulation offense itself. Rather, he contends that "enlarged photos that display scratches on one side of Ms. Blackstone's neck, along with testimony completely different [from] her sworn statement to police" and her statement used to obtain the PFA Order "is insufficient to prove the charge of [S]trangulation beyond a reasonable doubt." Appellant's Br. at 14. This argument challenges the weight the jury gave to the evidence and its credibility determinations; it does not challenge the sufficiency of the evidence supporting Appellant's conviction of the Strangulation offense. Accordingly, Appellant's claim that the evidence was insufficient to show that he strangled Ms. Blackstone is waived and his challenge to the sufficiency of the evidence supporting the grading of the offense is without merit.

Appellant next challenges the weight of the evidence when he asserts that "Ms. Blackstone did not testify to any facts remotely similar to the

statement she gave police or the sworn statement she reported to secure the Protection from Abuse Order." *Id*. at 15. He asserts that Ms. Blackstone was not credible at trial because she testified that Appellant strangled her first and then threw her to the floor and stabbed her, which contradicts her first report to police that Appellant stabbed her first and then threw her to the floor and strangled her. *Id***.** He concludes that "the two stories are not even remotely similar" and, therefore, "[t]he testimony is so contrary to the evidence as to shock one's sense of justice." *Id***.** at 16. No relief is due.

An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court, which will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013). "[T]he evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa. Super. 2015) (citation omitted).

Questions about inconsistent testimony go to the credibility of the witnesses, and it is solely for the jury to resolve any conflicts or inconsistencies. *Commonwealth v. Upshur*, 764 A.2d 69, 74 (Pa. Super. 2000). The jury is free to believe "all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Smith*, 985 A.2d 886, 897 (Pa. 2009) (citation omitted). The trial judge may not grant relief based merely on some conflict in testimony or because the judge would

reach a different conclusion on the same facts. ***Commonwealth v. Blakeney***, 946 A.2d 645, 653 (Pa. 2008).

Appellate review is limited to whether the trial judge's discretion in denying a new trial was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. ***Smith, supra*** at 897. Appellate courts will not consider *de novo* the underlying question of the weight of the evidence. ***Commonwealth v. Rivera***, 983 A.2d 1211, 1225 (Pa. 2009).

The trial court addressed Appellant's challenge to the weight of the evidence as follows:

> We first address Appellant's argument that Ms. Blackstone's testimony was inconsistent to previous statements and inconsistent with her injuries. We disagree. Ms. Blackstone's assertion that Appellant threw her down, put both of his hands on her neck, and applied pressure to the point that she could not breathe, and almost lost consciousness remained consistent and reliable through her statements to police, both written and oral, and her testimony. (N.T., 25-26; 60-61). Additionally, the Commonwealth presented evidence of Ms. Blackstone's injuries through the testimony of Corporal Novchich and Ms. Blackstone's medical records. Ms. Blackstone's medical records indicated that she had strangulation marks on her neck. (N.T., 64). Corporal Novchich testified that he saw redness on Ms. Blackstone's neck immediate upon arrival at the scene (N.T., 75). At the hospital, Corporal Novchich observed more redness, stress marks, and scratches show up on Ms. Blackstone's neck (N.T., 80, 84). These injuries are consistent with Ms. Blackstone's testimony regarding the incident and Appellant's actions. Thus, we find this argument lacking.

Tr. Ct. Op. at 10.

Appellant's challenge based on Ms. Blackstone's alleged inconsistencies in relating when Appellant strangled her during the assault fails to convince us that the trial court abused its discretion in denying Appellant a new trial. We discern no abuse of discretion in the court's denying Appellant's Post-Sentence Motion. Appellant's weight challenge, thus, fails to garner relief.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/21/2021